**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Induction Innovations, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-1553 |
| v. ) | |
| ) | |
| Solary Electric Equipments Co., Ltd., ) | |
| ) | Jury Demand |
| Defendants. ) | |

## COMPLAINT

Plaintiff Induction Innovations, Inc. ("Induction"), complains of Defendant Solary Electric Equipments Co., Ltd., as follows:

1. These are claims for infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), for infringement of a common law trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for false designation of origin, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

### The Parties

2. Plaintiff Induction Innovations, Inc. ("Induction") is a corporation formed under the laws of Illinois with its principal address at 1175 Jansen Farm Ct., Elgin, Illinois 60123.

3. Defendant Solary Electric Equipments Co., Ltd. ("Solary") is an alien Chinese entity, as it is not associated with any known registered business entity in the United States.

### Jurisdiction

4. This Court has subject matter jurisdiction over Counts I-VII of this action pursuant to 28 U.S.C. § 1331, as this is a civil action for claims for infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), for infringement of a common law trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for false

1

designation of origin, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

5. This Court has personal jurisdiction over Solary, as Solary (an alien China-based entity) has been engaged in trademark infringement, trade dress infringement, and false designation of origin, and continues to be engaged in such conduct, that is directed at and causes or has caused damage to Induction, an entity that is residing in, located in, or doing business throughout the United States, including Illinois. Solary's infringement and false designation of origin has occurred in this district through sales of Solary's induction heating products in this district that infringe Induction's trademarks and trade dress, and cause consumer confusion as to the origin of these products. *See* Ex. 5, Schmiedekamp Decl., at ¶7. Solary's infringing product is also being advertised by at least one Chicago, Illinois-based third-party seller (Ex. 1, current Ebay listing). Solary also conducts business throughout the United States, including in this district, and the damage caused by Solary's infringement and wrongful conduct is felt by Induction in Illinois, as well as nationally.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a)-(c), primarily because the Northern District of Illinois is where Solary resides for venue purposes, as Solary is subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated.

### Background Regarding Induction's Intellectual Property Pertaining To Its Induction Heating Products

7. For decades, Induction has been a prominent designer, manufacturer and seller of induction heating equipment used in the automotive repair industry (Ex. 2, https://www.theinductor.com/). Induction's products are used in a wide variety of automotive repair and maintenance applications, including removing corroded nuts and bolts, decals, vinyl, door skins, spray-on bedliners, seam

sealers, windshields and soft dents caused by hail, etc. (*id.* at pgs. 10-16). Induction is the owner[1] of the following registered marks used to advertise and identify its induction products to consumers in the automotive industry: INDUCTOR® (Reg. No. 2712262 (Supplemental Register) and Serial No. 98352516 (pending Principal Register application)); MINI-DUCTOR® (Reg. No. 4221532); GLASS BLASTER® (Reg. No. 2739856); FAST-OFF® (Reg. No. 2770953); and CONCENTRATOR® (Reg. No. 2739854) (Ex. 3, collectively, the "Induction Marks"; Ex. 2, *e.g.*, Induction's online advertising using the Induction Marks (www.theinductor.com)). Induction has never granted Solary permission to use any Induction intellectual property right, including the Induction Marks. Ex. 5, at ¶¶2, 3.

8. Since at least May, 2010 (Ex. 4, internet archive tool waybackmachine snapshot of Induction's website (www.theinductor.com)), Induction has also consistently used a distinctive and non-functional alternating yellow-and-black color design as a common law trade dress to advertise and identify its MINI-DUCTOR® in-line induction heaters to consumers (Ex. 5, at ¶¶3, 4; Ex. 6, Induction MINI-DUCTOR® online advertising showing MD-500 and 700 models using the "Induction Trade Dress"). Below is a MD-500 MINI-DUCTOR® using the Induction Trade Dress:

---

[1] Induction's Marks are assigned to Induction's intellectual property holding company: Sarge Holdings Co., LLC (a Delaware limited liability company), located at 1175 Jansen Farm Ct., Elgin, Illinois 60123.



The MINI-DUCTOR® is the top selling (Ex. 5, at ¶4) in-line induction heater in the automotive repair industry, such that the Induction Trade Dress is widely recognized and known by automotive repair industry consumers to be associated with Induction. *Id.* at ¶¶3, 4. Induction has never granted Solary permission to use the Induction Trade Dress. *Id.* at ¶3.

9. Induction uses its valuable Induction Marks and Trade Dress in online, print and automotive trade show advertising, including the annual SEMA Show in Las Vegas, Nevada (https://www.semashow.com/) (*see* https://sema23.mapyourshow.com/8_0/floorplan/, most recent show was October 31 – November 3, 2023, showing Induction as an exhibitor at Booth No. 33161). Solary has been an exhibitor at SEMA as well (Ex. 8, pg. 2). On top of Induction's widespread advertising using the Induction Marks and Trade Dress, its induction products are among the leading sellers in the United States marketplace, and include the top selling MINI-DUCTOR® in-line induction heater (Ex. 5, at ¶4), such that the Induction Marks and Trade Dress are associated

4

with Induction and well-known by consumers in the automotive repair industry (*id.* at ¶¶2-4). Over the past five years, Induction has annually spent an average of about $286,000.00 on advertising that features the Induction Marks and Trade Dress (*id.* at ¶4). Given Induction's investment in the Induction Marks and Trade Dress, any infringement of these valuable intellectual property rights, and any resulting consumer confusion, is damaging to Induction (*id.*).

**Solary's Willful Infringement of Induction's Marks and Trade Dress**

10. China-based Solary is a direct competitor to Induction in the United States induction heater industry (Ex. 5, at ¶1). Solary advertises its products through its website (Ex. 7, https://solary.us/), at trade shows (*e.g.*, Ex. 8, at pg. 2), and through third-party online marketplace websites, such as Amazon (Ex. 9, *e.g.*, Solary advertising its products through third-parties). Induction learned on October 26, 2022, that Solary has been infringing the Induction Marks and Trade Dress through third-party online advertising of Solary's induction heaters (Ex. 5, at ¶6; Ex. 10, Induction's Clifford Lu's 11/9/22, 10/6/23 and 11/8/23 emails to Solary; Ex. 9, Solary infringement on Amazon, Walmart, Alibaba and eBay, see arrows). In this same timeframe, Induction also learned that Solary is infringing the Induction Marks in a Solary Hot Rod H7E in-line induction heater user manual (Ex. 5, at ¶6; Ex. 11, noting infringement with arrows at pgs. 18-20, the "Infringing Manual"). Solary's Infringing Manual is widely distributed throughout the United States from Solary upon request by a customer/prospective customer (Ex. 5, at ¶6) or to customers in the packaging of the Solary Hot Rod H7E in-line induction heater (Exs. 7, 9, Solary's online advertisement of the Hot Rod H7E, the "Accused Heater(s)"). Ex. 5, at ¶6. To advertise its induction products, Solary has impermissibly used identical infringing marks to the Induction Marks, as well as an infringing MINI INDUCTION mark (Ex. 9, at pgs. 2 and 5, Amazon and Walmart sites), which is confusingly similar to Induction's registered INDUCTOR® and MINI-

5

DUCTOR® marks (Ex. 3). Infringement of the Induction Marks in connection with the advertisement and sale of Solary's Accused Heater is particularly damaging and likely to cause consumer confusion because the Accused Heater is also infringing Induction's Trade Dress, as it uses a highly similar, if not identical, alternating yellow-and-black color design along the head of the Accused Heater (Exs. 7, 9) to identify and advertise this product to Induction and Solary's common pool of automotive repair industry consumers.

11. Since learning about the infringement on October 26, 2022, Induction has been corresponding with Solary to try to resolve and stop this infringement, to no avail (Ex. 10, *e.g.*, Mr. Lu's 11/9/22, 10/6/23, 11/8/23, 11/9/23 and 11/21/23 emails to Solary; Ex. 12, Induction's December 4, 2023, cease and desist letter to Solary requesting that Solary cease infringement of the Induction Marks). Induction also requested in February 2021, that Solary cease infringement of the Induction Trade Dress (Ex. 13, Induction's February 2, 2021, cease and desist to Solary top of the second pg.), again, to no avail. In response to Induction's December 4, 2023, letter, Solary revised its Infringing Manual to remove its infringing use of Induction's Marks, (Ex. 14, the "Revised Manual"; Ex. 15, Solary's counsel's February 6, 2024, email), but despite this, infringement persists, namely because: 1) the old Infringing Manual is still included with significant amounts of existing inventory that Solary has not recalled (Exs. 11, 15); 2) the Revised Manual infringes two other Induction marks (FLAMELESS™ and FLAMELESS HEAT™, Ex. 14, at pg. 1); and 3) Solary is still infringing the Induction Trade Dress through its continued advertisement and sale of the Accused Heater (Exs. 7, 9 (pg. 6), 15). Solary's willful and bad faith infringement is evidenced by the fact that its use of the Induction Marks and Trade Dress persists despite Induction's repeated requests that infringement cease (Ex. 5, at ¶6). As a further showing of bad faith, Solary has baselessly threatened to sue Induction based on *Solary's infringement of*

*the Induction Marks* (Ex. 10, Solary 11/29/23 email). Solary's ongoing infringement has resulted in unnecessary legal expenses to Induction, has caused actual consumer confusion (*see* ¶12, *infra*), and maintains the likelihood that damaging consumer confusion to Induction will continue to occur.

**Damaging Consumer Confusion and False Designation of Origin Is Occurring**

12. Induction is aware of at least one instance of damaging consumer confusion that has already occurred (Ex. 5, at ¶6): Induction learned in September 2023, that one of its customers saw the INDUCTOR® mark (Ex. 3) in the Accused Heater Infringing Manual (Ex. 11, pgs. 18-20) and incorrectly inferred that Induction made the Solary Accused Heater shown in the manual. Ex. 5, at ¶6. In fact, this same customer also incorrectly assumed that Induction made the Accused Heater because of Solary's use of Induction's Trade Dress. *Id.* Solary's infringement of the Induction Marks and Trade Dress appears to be a willful attempt to make customers believe that the Accused Heater is made by or originates from Induction (i.e., via an Induction-Solary distributor relationship, for example), when in fact this is not the case. Solary's infringement of the Induction Marks and Trade Dress is clearly a false "bait and switch" advertising tactic to pass of the Accused Heaters off as Induction products, which is causing actual, damaging consumer confusion to Induction.

13. Solary must immediately cease its infringement of the Induction Marks and Trade Dress to prevent further damage to Induction in the form of consumer confusion, lost profits and sales and/or loss of consumer goodwill built up by Induction in the automotive repair industry. As evidenced above, Solary's use of the Induction Marks and Trade Dress, which is aimed at Induction and Solary's common pool of induction consumers, is likely to cause further confusion, such that a consumer may reasonably infer a connection between the Solary and Induction

7

products, which does not exist. Solary's continued infringement is also likely to cause irreparable damage to Induction.

## COUNT I
## Lanham Act Registered Trademark Infringement
## (under 15 U.S.C. § 1114(1)(a)) of Induction's INDUCTOR® Mark

14. Induction incorporates by reference Pars. 1-13, above.

15. Induction is the owner of the valid and enforceable registered INDUCTOR® mark (Ex. 3), as well as a pending Principal Register application for INDUCTOR® (*id.*). Since December 2000, Induction has used this mark to advertise and identify its induction heating equipment to consumers in the automotive repair industry.

16. Despite the fact that Solary is not authorized to use the INDUCTOR® mark, or any confusingly similar mark, Solary has willfully infringed the INDUCTOR® mark to advertise and identify Solary's induction heating products, including the Accused Heater. This infringement is particularly damaging because the identical infringing INDUCTOR mark, as well as a confusingly similar MINI INDUCTION mark, is used in connection with identical goods as Induction's INDUCTOR® mark – automotive repair induction heaters -- to a common pool of automotive repair customers in overlapping territories throughout the United States.

17. Solary knew, or should have known, that its impermissible use of an identical mark, and/or a confusingly similar mark, would cause actual confusion, mistake and/or deception as to the affiliation, connection or association of Solary's induction heating products with those of Induction. *See* ¶12, *supra*.

18. As a result of Solary's trademark infringement, Induction has suffered, and will continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

19. The intentional nature of this trademark infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT II**
**Lanham Act Registered Trademark Infringement**
**(under 15 U.S.C. § 1114(1)(a)) of Induction's MINI-DUCTOR® Mark**

20. Induction incorporates by reference Pars. 1-19, above.

21. Induction is the owner of the valid and enforceable registered MINI-DUCTOR® mark (Ex. 3). Since January 2004, Induction has used this mark to advertise and identify its induction heating equipment to consumers in the automotive repair industry.

22. Despite the fact that Solary is not authorized to use the MINI-DUCTOR® mark, or any confusingly similar mark, Solary has willfully infringed the MINI-DUCTOR® mark to advertise and identify Solary's induction heating products, including the Accused Heaters. This infringement is particularly damaging because the identical infringing MINI-DUCTOR mark, as well as a confusingly similar MINI INDUCTION mark, are being used by Solary in connection with identical goods as Induction's MINI-DUCTOR® mark – automotive repair induction heaters -- to a common pool of automotive repair customers in overlapping territories throughout the United States.

23. Solary knew, or should have known, that its impermissible use of an identical and confusingly similar mark would likely cause confusion, mistake and/or deception as to the affiliation, connection or association of Solary's induction heating products with those of Induction.

24. As a result of Solary's trademark infringement, Induction has suffered, and will continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

25. The intentional nature of this trademark infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT III**
**Lanham Act Registered Trademark Infringement**
**(under 15 U.S.C. § 1114(1)(a)) of Induction's GLASS BLASTER® Mark**

26. Induction incorporates by reference Pars. 1-25, above.

27. Induction is the owner of the valid and enforceable registered GLASS BLASTER® mark (Ex. 3). Since May 2001, Induction has used this mark to advertise and identify its induction heating equipment to consumers in the automotive repair industry.

28. Despite the fact that Solary is not authorized to use the GLASS BLASTER® mark, or any confusingly similar mark, Solary has willfully infringed the GLASS BLASTER® mark to advertise and identify Solary's induction heating products, including the Accused Heaters. This infringement is particularly damaging because the identical infringing GLASS BLASTER mark is being used by Solary in connection with identical goods as Induction's GLASS BLASTER® mark – automotive repair induction heaters -- to a common pool of automotive repair customers in overlapping territories throughout the United States.

29. Solary knew, or should have known, that its impermissible use of an identical mark would likely cause confusion, mistake and/or deception as to the affiliation, connection or association of Solary's induction heating products with those of Induction.

30. As a result of Solary's trademark infringement, Induction has suffered, and will continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

31. The intentional nature of this trademark infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT IV
### Lanham Act Registered Trademark Infringement
### (under 15 U.S.C. § 1114(1)(a)) of Induction's FAST-OFF® Mark

32. Induction incorporates by reference Pars. 1-31, above.

33. Induction is the owner of the valid and enforceable registered FAST-OFF® mark (Ex. 3). Since December 2000, Induction has used this mark to advertise and identify its induction heating equipment to consumers in the automotive repair industry.

34. Despite the fact that Solary is not authorized to use the FAST-OFF® mark, or any confusingly similar mark, Solary has willfully infringed the FAST-OFF® mark to advertise and identify Solary's induction heating products, including the Accused Heaters. This infringement is particularly damaging because the nearly identical infringing FAST OFF mark is being used by Solary in connection with identical goods as Induction's FAST-OFF® mark – automotive repair induction heaters -- to a common pool of automotive repair customers in overlapping territories throughout the United States.

35. Solary knew, or should have known, that its impermissible use of an identical and/or nearly identical mark would likely cause confusion, mistake and/or deception as to the affiliation, connection or association of Solary's induction heating products with those of Induction.

36. As a result of Solary's trademark infringement, Induction has suffered, and will continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

37. The intentional nature of this trademark infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT V**
**Lanham Act Registered Trademark Infringement**
**(under 15 U.S.C. § 1114(1)(a)) of Induction's CONCENTRATOR® Mark**

38. Induction incorporates by reference Pars. 1-37, above.

39. Induction is the owner of the valid and enforceable registered CONCENTRATOR® mark (Ex. 3). Since December 2000, Induction has used this mark to advertise and identify its induction heating equipment to consumers in the automotive repair industry.

40. Despite the fact that Solary is not authorized to use the CONCENTRATOR® mark, or any confusingly similar mark, Solary has willfully infringed the CONCENTRATOR® mark to advertise and identify Solary's induction heating products, including the Accused Heaters. This infringement is particularly damaging because the identical infringing CONCENTRATOR® mark is being used by Solary in connection with identical goods as Induction's CONCENTRATOR® mark – automotive repair induction heaters -- to a common pool of automotive repair customers in overlapping territories throughout the United States.

41. Solary knew, or should have known, that its impermissible use of an identical mark would likely cause confusion, mistake and/or deception as to the affiliation, connection or association of Solary's induction heating products with those of Induction.

42. As a result of Solary's trademark infringement, Induction has suffered, and will continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

43. The intentional nature of this trademark infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT VI**
**Lanham Act Trade Dress Infringement**
**(under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

44. Induction incorporates by reference Pars. 1-43, above.

45. This claim is for common law trade dress infringement of the non-descriptive, non-functional aspects of Induction's yellow-and-black color design, which Induction has used since at least May, 2010 (Ex. 4, internet archive tool waybackmachine snapshot of Induction's website (www.theinductor.com); Ex. 5, at ¶3), to advertise and identify its MINI-DUCTOR® in-line induction heaters to consumers (Ex. 5, at ¶¶3, 4; Ex. 6, Induction MINI-DUCTOR® online advertising). Induction's Trade Dress is well known and associated with Induction by automotive repair industry consumers throughout the United States. Ex. 5, at ¶¶3, 4.

46. Solary's Accused Heater (Exs. 7, 9) is infringing Induction's Trade Dress, as it uses a highly similar, if not identical, alternating yellow-and-black color design along the head of the Accused Heater to identify and advertise its product to Induction and Solary's common pool of automotive repair industry consumers throughout the United States. Solary's willful selection and use of an infringing yellow-and-black color design for its Accused Heaters is likely to mislead and confuse consumers as to the source and/or affiliation of Solary's Accused Heaters, such that consumers may reasonably infer a relationship between Induction and Solary that does not actually exist.

47. Solary has known (Ex. 13, Induction's February 2, 2021, cease and desist to Solary top of the second pg.) that its impermissible use of a highly similar, if not identical, trade dress would cause actual confusion, mistake and/or deception as to the affiliation, connection or association of Solary's Accused Heaters with Induction' products. *See* ¶12, *supra*.

48. As a result of Solary's willful trade dress infirngement, Induction has suffered, and will

13

continue to suffer, substantial damage in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

49. The intentional nature of this trade dress infringement renders this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT VII
### Lanham Act False Design Of Origin
### (under Section 32 of the Lanham Act, 15 U.S.C. § 1125(a)(1))

50. Induction incorporates by reference Pars. 1-49, above.

51. Induction is the owner of the valid and enforceable Induction Marks and Trade Dress (Exs. 3, 6). For decades, Induction has used the Induction Marks and Trade Dress to advertise and identify its induction heating products to customers in the automotive repair industry throughout the United States.

52. Despite the fact that Solary is not authorized to use the Induction Marks and Trade Dress, and/or any confusingly similar mark or trade dress, Solary has willfully infringed these intellectual property rights through its advertisement of the same goods (Exs. 7, 9) -- automotive repair induction heaters – to a common pool of automotive repair industry customers in overlapping territories throughout the United States.

53. Solary's infringement of Induction's well-known Induction Marks and Trade Dress has caused actual consumer confusion as to the origin of Solary's Accused Heaters: Induction learned in September 2023, that one of its customers saw the INDUCTOR® mark (Ex. 3) in the Accused Heater Infringing Manual (Ex. 11), as well as the Induction Trade Dress used on the Solary Accused Heater, and because of this infringement incorrectly inferred that Induction made the Solary Accused Heater. Ex. 5, at ¶6.

54. Solary's infringement of the Induction Marks and Trade Dress appears to be a

14

willful attempt to make customers believe that the Accused Heater is made by or originates from Induction, when in fact this is not the case. This is a false "bait and switch" advertising tactic to pass of the Accused Heaters off as Induction products, which is causing actual, damaging consumer confusion to Induction.

55. As a result of Solary's false designation of origin, Induction has suffered, and will continue to suffer, substantial damage due to consumer confusion and lost sales and profits in an amount to be proven at trial, and irreparable harm for which Induction has no adequate remedy at law.

56. The intentional nature of this false designation of origin renders this an exceptional case under 15 U.S.C. § 1117(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Induction requests that the Court enter judgment against Solary, as well as its subsidiaries, agents, servants, employees, attorneys and all persons in active concert or participation with it, and grant Induction the following relief:

A. An accounting of Solary's infringing sales over the past six (6) years, and an award to Induction compensating it for damages sustained as a consequence of Solary's trademark and trade dress infringement, and false designation of origin and to account for all gains, profits, and advantages derived by Solary's trademark and trade dress infringement, and false designation of origin and that the award to Induction be trebled as provided for under 15 U.S.C. § 1117; alternatively, that the Induction be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)-(d).

B. That the Court issue an order that Induction recover the costs of the trademark and trade dress infringement, and false designation of origin action together with reasonable attorney and investigator fees and prejudgment interest in accordance with 15 U.S.C. § 1117;

C. That Solary be permanently enjoined from directly or indirectly infringing Induction's Marks and Trade Dress through the impermissible use of identical mark(s) or trade dress, and/or any confusingly similar mark(s) or trade dress. Any award or injunction should require that any past infringing advertising materials be destroyed by Solary, including the Infringing Manual and the Revised Manual, and that an explanation of the infringement be sent by Solary to its relevant consumers;

D. That any infringing Solary trademark or trade dress application be cancelled and deemed invalid and unenforceable, as Induction has prior use rights;

E. That Solary be permanently enjoined from directly or impliedly making any false designation of origin statements to consumers, including any statement aimed at making consumers believe that any Solary product, including the Accused Heaters, are made by or originate from Induction; and

F. Such other and further relief as the Court may deem proper and just.

## JURY DEMAND

A jury trial is hereby demanded for all issues that are triable to a jury.

Date: February 24, 2024

Respectfully submitted,

s/Michael P. Mazza/
Michael P. Mazza,
Illinois Bar No. 6201609
Paul R. Hale
Illinois Bar No. 6320732
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123
Email: mazza@mazzallc.com
paul@mazzallc.com

**Attorneys for the Plaintiff
Induction Innovations, Inc.**