**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Induction Innovations, Inc. and ) <br> Sarge Holdings Co., LLC ) <br> (collectively, "Induction"), ) <br>  ) <br>     Plaintiffs-counterclaim Defendants, ) <br>  ) <br> v. ) <br>  ) <br> Solary Electric Equipments Co., Ltd., ) <br>  ) <br>     Defendant-counterclaim Plaintiff. ) | Case No. 24 C 1553 <br><br> Hon. LaShonda A. Hunt |

**CONSENT JUDGMENT ORDER AND**
**STIPULATION OF DISMISSAL**

This matter coming before the Court on the Parties' joint motion for entry of an agreed consent judgment order and stipulation of dismissal [80], Induction Innovations, Inc. and Sarge Holdings Co., LLC ("Induction"), and Solary Electric Equipments Co., Ltd. ("Solary") having agreed to a compromise and settlement of this action and having entered into a Confidential Settlement And License Agreement dated February 14, 2025 ("the Settlement Agreement"), and by agreement and consent of the parties,

IT IS ORDERED THAT:

1. The Court has jurisdiction over the parties and the subject matter of this action. The Parties also agree that the exclusive jurisdiction and venue for any enforcement of the Settlement Agreement and/or this Consent Judgment Order shall be in be in the U.S. District Court for the Northern District of Illinois, Eastern Division, or alternatively an appropriate Illinois state court (if necessary). The Parties also agree to waive formal service of any initiating document regarding enforcement of the Settlement Agreement and/or the Consent Judgment Order And Dismissal (*e.g.*, a complaint) and will accept service of such a document(s) through email service on their counsel in this case.

2. Induction owns and has standing to sue for infringement of the asserted trademarks and trade dresses in this case, namely INDUCTOR® (Reg. No. 2712262 (Supplemental Register) and Serial No. 98352516 (pending Principal Register application)); MINI-DUCTOR® (Reg. No. 4221532); GLASS BLASTER® (Reg. No. 2739856); FAST -OFF® (Reg. No. 2770953); CONCENTRATOR® (Reg. No. 2739854); and the trade dresses identified and shown at Appx. 1 (collectively "Induction's Trademarks and Trade Dress").

3. Solary acknowledges and the Court finds that each of Induction's Trademarks and Trade Dress are valid and enforceable in their present form.

4. Solary acknowledges and the Court finds that Solary has infringed each of Induction's Trademarks and Trade Dress through Solary's manufacture and sale of at least the Solary H7E HotRod in-line induction heater, since at least 2020 ("the Asserted Claims").

5. Solary agrees to and waives and relinquishes the right to ever contest the validity or enforceability of any of the Asserted Claims of Induction's Trademarks and Trade Dress in their present form, whether such assertion of invalidity or unenforceability would be made in a court proceeding or Patent & Trademark Office proceeding, and whether or not such assertion is made with respect to the infringing products in this action or with respect to any other products made or sold by Solary.

6. The Parties acknowledge that any future use of colorable imitations of the accused H7E product that utilize a yellow and black color scheme will be considered to infringe Induction's Trade Dress, except that inventory of H7E products that exist in third-party warehouses prior to the Effective Date of the Settlement Agreement may be sold off without liability for infringement (provided that such are sold within 60 days of the Effective Date of the Settlement Agreement), and product images and/or videos on social media or any other platform under Solary's control that embody the disputed black and yellow color scheme are permissible within 60 days of the Effective Date of the Settlement Agreement but not after that. For the sake of clarity, the Parties agree that two-color-only color schemes that are not yellow and black are not colorable imitations. Subject to the cure provision in the Settlement Agreement, the Parties agree that should the Settlement Agreement and/or this Consent Judgement Order And Dismissal be breached by any Party, the prevailing Party in any enforcement of the Settlement Agreement and/or this Consent Judgement Order And Dismissal shall be entitled to an award of its reasonable attorney fees and costs in any such enforcement case.

7. As to the marks FLAMELESS™ (pending App. No. 98352387) and FLAMELESS HEAT™ (pending App. No. 98696147), the parties agree that these marks are not a part of this settlement, and the parties have agreed to adjudicate any disputes they have concerning these marks within the Trademark Office, including any appeals, and Induction and Solary agree to respect and treat any decision of the Trademark Office or appeals tribunal as final thereon.

8. The parties shall each bear their own costs and attorney fees incurred in this action, and all claims and defenses of each of the Parties are dismissed with prejudice, other than as agreed to in Par. 1 above (which dismissal shall be without prejudice), such that this Court shall retain jurisdiction to enforce the terms of this Consent Judgment Order between the parties concerning this action.

**DATED**: March 12, 2025     **ENTERED**:

LaShonda A. Hunt
LASHONDA A. HUNT
United States District Judge

| | |
|---|---|
| s/Sid V. Pandit/ | s/Michael P. Mazza/ |
| Sid V. Pandit | Michael P. Mazza (mazza@mazzallc.com) |
| Timothy J. Maier (admitted *pro hac vice*) | Paul R. Hale (paul@mazzallc.com) |
| tjm@maierandmaier.com | Michael P. Mazza, LLC |
| Sid V. Pandit (admitted *pro hac vice*) | 686 Crescent Blvd. |
| svp@maierandmaier.com | Glen Ellyn, IL 60137 |
| **MAIER & MAIER PLLC** | Telephone: (630) 858-5071 |
| 345 South Patrick Street | Facsimile: (630) 282-7123 |
| Alexandria, VA 22314 | |
| Telephone: (703) 740-8322 | **Attorneys for Plaintiffs** |
| Facsimile: (703) 991-7071 | |
| | |
| **Attorneys for Defendant** | |

# Consent Judgment Order Appendix 1

<u>Induction's Trade Dresses (shown below)</u>

1)     The mark consists of Induction's alternating yellow-and-black color design used with in-line induction heaters.

and/or

2)     The mark consists of Induction's distinctive design of in-line induction heaters, which includes the following features: 1) an in-line design; 2) a collar-portion on the head with two projecting, circular knobs that may be loosened or tightened to allow for insertion or removal of the work coil; 3) a generally round head which is thicker than the handle portion of the heater; 4) an elongated, round handle with multiple knurled projections distributed along the outer circumference of the handle; and 5) a handle base with a generally circular knob that is thicker than the handle.

